UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ENDOMETRIOSIS SURGERY SPECIALIST PC as
authorized representative of E.H.,

                        *Plaintiffs*,

- against -

UNITEDHEALTH GROUP INC., UNITED
HEALTHCARE SERVICES, INC., UNITED
HEALTHCARE INSURANCE COMPANY, UNITED
HEALTHCARE SERVICE LLC, OXFORD HEALTH
PLANS LLC, and OXFORD HEALTH INSURANCE
INC.

                        *Defendants*.
------------------------------------------------------------------X

Civil Action No. 21-cv-10928

**COMPLAINT**

Plaintiff Endometriosis Surgery Specialist PC ("Plaintiff" or "ESS") as authorized representative of its patient E.H. ("Patient"), by and through its attorneys, Stein Adler Dabah & Zelkowitz LLP and Drachman Katz LLP, as and for its Complaint against defendants, UnitedHealth Group Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, United HealthCare Service LLC, Oxford Health Plans LLC, and Oxford Health Insurance Inc. (collectively, "Defendants" or "United") states as follows:

**NATURE OF ACTION**

1. This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for Defendant's wrongful denial/underpayment of Patient's health insurance benefits.

**PARTIES**

2. ESS is a New York professional corporation with its principal place of business located at 872 Fifth Avenue, New York, New York 10021, in the County of New York.

3. At all material times, ESS was and is an internationally recognized specialty medical practice dedicated to the treatment of endometriosis and comprised of highly trained and experienced surgeons and other related healthcare practitioners. ESS exclusively practices minimally invasive, deep excision laparoscopic surgery. ESS is particularly renowned for its expertise in deep infiltrating endometriosis of the pelvis, which is known to cause rectal disease, sciatic and pudendal neuropathy, and sigmoid, ureter, and bowel obstruction. ESS's doctors perform complex, critical, life-altering surgeries, and are often referred by other doctors.

4. ESS is spearheaded by Dr. Tamer Seckin, an internationally-renowned excision surgeon with over 35 years of experience in the field and over 30 years of exclusive experience in laparoscopy. Dr. Seckin is one of a very limited number of accredited gynecologic surgeons in the United States who has advanced training for the deep excision of endometriosis.

5. Dr. Karli Goldstein, another surgeon with ESS, is a board-certified minimally invasive gynecologic surgeon and member of Dr. Seckin's immediate surgical team.

6. Patient E.H. executed an ERISA Authorized Representative Form and Limited Power of Attorney that appoints ESS as her authorized representative with power, among other things, to file medical claims, appeals and grievances with the health care plan, and to institute litigation against her health care plan.

7. Defendant UnitedHealth Group Inc. issues, administers, and makes benefit determinations related to ERISA health care plans through its various wholly-owned and controlled subsidiaries, including Defendants United HealthCare Services, Inc., United HealthCare Insurance Company, United HealthCare Service LLC, Oxford Health Plans LLC, and Oxford Health Insurance Inc. Defendant UnitedHealth Group Inc. operates as, and owns the trademark to, "UnitedHealthcare." UnitedHealth Group Inc. has caused Defendants United

HealthCare Services, Inc., United HealthCare Insurance Company, United HealthCare Service LLC, Oxford Health Plans LLC, and Oxford Health Insurance Inc. to promulgate and apply guidelines in processing patient claims and appeals that led to the improper denial of Patient's claim and appeals.

8. Defendant United HealthCare Services, Inc. is a wholly-owned and controlled subsidiary of Defendant UnitedHealth Group Incorporated.

9. Defendant United HealthCare Insurance Company is a wholly-owned and controlled subsidiary of UHIC Holdings, Inc., which is itself a wholly-owned subsidiary of Defendant United HealthCare Services, Inc. It participates in the claims administration process related to United health plans insured or administered by such subsidiaries/affiliates, and issues and administers other United plans governed by ERISA.

10. Defendant United HealthCare Service LLC is a wholly-owned and controlled subsidiary of Defendant United HealthCare Insurance Company, and serves as its agent with respect to benefits claim processing and adjudication.

11. Defendant Oxford Health Plans LLC is a wholly-owned and controlled subsidiary of Defendant UnitedHealth Group Inc. and serves as its agent with respect to benefits claims processing and adjudication.

12. Defendant Oxford Health Insurance Inc. is a wholly-owned and controlled subsidiary of Defendant United HealthCare Insurance Company and serves as its agent with respect to benefits claims processing adjudications.

13. At all relevant times, United, and/or its affiliates and subsidiaries, was the health benefit plan provider for Patient.

**JURISDICTION AND VENUE**

14. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to Patient and is governed by ERISA, 29 U.S.C § 1001 et seq.

15. The Court has jurisdiction over the subject matter of this action based upon 29 U.S.C. § 1132(e)(1), which provides that the district courts of the United States have jurisdiction over civil actions brought under 29 U.S.C. § 1132.

16. Moreover, Defendants advertise and promote their services in the State of New York, and were present and engaged in significant activities in the State of New York to sustain this Court's exercise of *in personam* jurisdiction.

17. Venue is appropriate in this District pursuant to 28 U.S.C. § 1132(e)(2) because the Plan was administered in this District, the breach took place in this District, and Defendants may be found in this District. Venue is also appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial amount of the events complained of herein occurred.

18. All conditions precedent to the institution of this action, *i.e.*, administrative appeals, have occurred, been performed, and have been exhausted.

**FACTUAL ALLEGATIONS**

19. At all material times, E.H. received health insurance coverage by way of an ERISA-governed employee welfare benefit plan (the "Plan").

20. E.H. was first diagnosed with endometriosis four years prior to the surgery performed by ESS. Her symptoms, including debilitating pain during menstruation, impaired her ability to function, and were unable to be managed with medication. Prior to the procedure

performed by the surgeons of ESS, E.H. had undergone three prior surgeries aimed at treating her endometriosis, which were ultimately unsuccessful in resolving the condition.

21. On February 21, 2020, E.H. underwent laparoscopic surgery at Lenox Hill Hospital, performed by Dr. Seckin, assisted by Dr. Goldstein. The doctors determined that E.H. was experiencing deeply infiltrating endometriosis, and, among other things, removed numerous endometrial implants, performed an appendectomy, and surgically restored and reconstructed certain muscles. The procedure lasted approximately three hours and resulted in the removal of 33 total specimens from E.H.'s abdomen.

22. The surgery was successful, and resulted in a significant improvement in E.H.'s ability to function and overall quality of life.

23. The services provided by ESS were both reasonable and medically necessary.

24. Subsequently, a Health Insurance Claim Form ("HICF") was submitted to Defendants for Dr. Goldstein's services performed during this procedure, in an amount totaling $277,956.37.

25. Defendants, however, initially remitted only $3,891.20 to ESS for Dr. Goldstein's services. Critically, Defendants drastically underpaid for those services by failing to remit payment for certain CPT codes, in part due to Defendants' failure to account for the documented severity of E.H.'s endometriosis and the manner in and degree to which multiple organs were affected.

26. ESS appealed Defendants' determination, exhausting that appeals process. Although Defendants determined to remit an additional $2411.20, Defendants ultimately upheld the denial of reimbursement for procedures represented by certain CPT codes as being inclusive with procedures represented by other CPT codes that were reimbursed by Defendants.

27. Defendants' denial of reimbursement for the procedures represented by these CPT codes was improper. These procedures were each performed in a location and for a purpose that was distinct from that of the procedure represented by the code that Defendants claimed to be inclusive, as such should have been considered and reimbursed independent from other procedure codes reported.

28. In addition, contemporaneous with the submission of Dr. Goldstein's HICF to Defendants, a HICF had also been submitted for Dr. Seckin's services performed during the procedure. Dr. Seckin was reimbursed by Defendants for procedures indicated with the same primary CPT codes that were rejected in connection with Dr. Goldstein's claim.

29. At no point in the claims or appeal process did Defendants either address or articulate any basis for the discrepancy in their determinations regarding payment for those CPT codes.

30. Despite numerous and thorough appeals, Defendants have failed to remit the correct amount due, largely without reasonable explanation or justification as to the basis for denial.

31. Defendants underpaid their reimbursement of all of Dr. Goldstein's services and accordingly, ESS brings this action for the recovery of the balance of benefits due to E.H. under the Plan, in an amount of no less than $271,653.97 for the treatment rendered to her by ESS.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B))*

32. Plaintiff repeats and realleges the allegations in the foregoing paragraphs, as if fully set forth herein.

33. ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B), provides a cause of action for a beneficiary or participant seeking benefits due payment under the terms of an ERISA-governed plan.

34. Defendants improperly denied benefits due to Patient under the terms of the Plan.

35. Defendants drastically underpaid ESS by failing to remit payment for certain CPT codes.

36. As a result of Defendants' breach, Plaintiff is entitled to damages, including but not limited to, costs, expenses, and attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), Under 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a))*

37. Plaintiff repeats and realleges the allegations in the foregoing paragraphs, as if fully set forth herein.

38. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

39. Plaintiff seeks redress for Defendants' breach of fiduciary duty and/or Defendants' breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

40. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

41. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments

governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. *See* 29 U.S.C. § 1104(a)(1).

42. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

43. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care"] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. *See* 29 U.S.C. § 1105(a).

44. Here, when Defendants acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, it was clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

45. Here, Defendants breached their fiduciary duties by: (1) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (3) wrongfully withholding money belonging to Plaintiff.

## TRIAL COUNSEL DESIGNATION

Jacob E. Lewin, Esq. of Stein Adler Dabah & Zelkowitz LLP are hereby designated as Trial Counsel in the above matter.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgments against Defendants as follows:

A. Awarding Plaintiff damages including, but not limited to, past-due contractual benefits as set forth in the Plan, but in no event less than $271,653.97;

B. Awarding Plaintiff declaratory relief providing that all costs associated with future procedures related to Patient's endometriosis are covered benefits

C. Awarding Plaintiff declaratory relief providing that Defendants (a) have wrongfully denied Plaintiff's claims for benefits; (b) intentionally acted in bad faith; and (c) intentionally engaged in tactics of delay and obfuscation;

D. Awarding Plaintiff costs and expenses, including attorneys' fees;

E. Awarding Plaintiff interest; and

F. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York  STEIN ADLER
December 20, 2021  DABAH & ZELKOWITZ LLP

By: _____
Jacob E. Lewin, Esq.
1633 Broadway, 46th Floor
New York, New York 10019
(212) 867-5620
jlewin@steinadlerlaw.com

DRACHMAN KATZ LLP

By: */s/ David Katz*
David Katz, Esq.
115-06 Myrtle Avenue
Richmond Hill, New York 11418
(718) 407-2411

*Attorneys for Plaintiff*